# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JIM HARRIS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10CV151 RWS |
| | ) | |
| PEMISCOT COUNTY SHERIFF'S | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff, an inmate at Pemiscot County Jail, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court will waive the filing fee at this time. See 28 U.S.C. § 1915(b)(1). However, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted proof that he has requested a copy of his prisoner account statement, and he states that the Sheriff's Office has failed to provide him with the statement. Because plaintiff attempted receipt of his account statement but was not able to obtain the statement, the Court will waive the filing fee at this time.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose

of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants in plaintiff's complaint are the Pemiscot County Sheriff's Department/Jail, Danny Dodson (Jail Administrator), Jerry Carter (correctional officer) and Janet Thomas (correctional officer). In a motion to amend his complaint plaintiff also names the following additional defendants: Charles Dorge (U.S. Marshal), Scott Tilsen (Federal Public Defender) and Ron Johnson (Investigator).[1] Plaintiff seeks both monetary and injunctive relief.

Plaintiff alleges that defendant Dodson acted deliberately indifferent to his unspecified medical need when he failed to give him medication prescribed by a doctor and failed to properly attend to his request for medication to treat hives. Plaintiff also states that Dodson subjected him to "cruel and unusual punishment" when he took his extra mattress and blanket that plaintiff claims he needed for medical reasons for his back pain. Plaintiff states that Dodson and Carter also violated his due process rights when they delayed his request to have a medical release notarized for four days. Furthermore, plaintiff claims that Dodson "denied [him] property" when a dollar was taken from his account for a razor that plaintiff did

---

[1]Plaintiff's motion to amend his complaint to add these additional defendants, as well as his request to change his demand for monetary relief will be granted.

not purchase. Plaintiff additionally claims that defendant Thomas violated his rights when she refused to investigate the alleged loss of the dollar.

Lastly, plaintiff claims that defendants Dorge, Tilsen and Johnson engaged in a conspiracy to deprive him of medical care because they all knew he had hives and was not receiving his medicine but did nothing to intervene.

**Discussion**

Before delving into plaintiff's complaint, the Court will first address plaintiff's motion to change venue in this action to the "Eastern District of the St. Louis area."[2] Plaintiff claims that because he is bringing claims against the jail where he is currently being housed, he will not be able to attain justice. As it is the Court that decides Mr. Harris' case and not the jail, his request for a change of venue is invalid. Moreover, it appears what Mr. Harris is really seeking is an order from this Court moving him to a jail in the St. Louis area. The Court declines to do so. Regardless, plaintiff's complaint is subject to dismissal pursuant to 28 U.S.C. § 1915.

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as

---

[2]The Court believes that plaintiff is seeking transfer from the Southeastern Division of the Eastern District of Missouri to the Eastern Division of the Eastern District of Missouri.

including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Pemiscot County was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted. Plaintiff's complaint is also subject to dismissal for various other reasons.

Plaintiff's claim against the Pemiscot County Sheriff's Department/Jail is legally frivolous because the Jail is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); Catlett v. Jefferson County, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004).

Additionally, plaintiff's conclusory allegations against defendants Dorge, Tilson and Johnson are insufficient to support a conspiracy claim. To properly plead

a claim for civil conspiracy under § 1983, a plaintiff must include factual allegations showing a "meeting of the minds" concerning unconstitutional conduct; although an express agreement between the purported conspirators need not be alleged, there must be something more than the summary allegation of a conspiracy before such a claim can withstand a motion to dismiss. See Mershon v. Beasely, 994 F.2d 449, 451 (8th Cir. 1993). Plaintiff has failed to allege such a meeting of the minds in this case. Moreover, plaintiff's addition of a U.S. Marshal, a Federal Public Defender and other governmental representatives undermines his conspiracy theory. See, e.g., Stone v. Baum, 409 F.Supp.2d 1164, 1176 (D.Ariz.2005) (stating that adding judges, prosecutors, and FBI as co-conspirator for failing to investigate at the plaintiffs' request "creates a snowballing effect which ironically threatens to destroy the conspiracy claim by raising questions of factual frivolousness, which exists when the facts alleged rise to the level of the irrational, fanciful, fantastic, delusional, or wholly incredible").

For all of the aforementioned reasons, plaintiff's complaint is subject to dismissal pursuant to 28 U.S.C. § 1915. Furthermore, because plaintiff has failed to present non-frivolous allegations supporting his prayer for relief and the facts and legal issues presented are not complex, plaintiff's motion for appointment of counsel will also be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the filing fee will be waived due to plaintiff's inability to get a copy of his prisoner account statement.

**IT IS FURTHER ORDERED** that plaintiff's motions to amend his complaint to add defendants Charles Dorge Scott Tilsen and Ron Johnson and to change his request for monetary relief [Doc. #6 and #9] are **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to change venue from the Southeastern Division of the Eastern District of Missouri to the Eastern Division of the Eastern District of Missouri [Doc. #4] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #3] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 1st day of December, 2010.

                                                                                   */s/ Rodney W. Sippel*
                                                                                   RODNEY W. SIPPEL
                                                                                   UNITED STATES DISTRICT JUDGE